## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JOHN KIRK MATTHEWS,

     Plaintiff,

v.                           Case No. 8:23-cv-02277-WFJ-NHA

QWICK FREELANCERS, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

     Plaintiff John Kirk Matthews' Second Amended Complaint (Doc. 28) fails to comply with the Court's prior orders and fails to state a viable claim. Plaintiff has not paid the filing fee, and, because his Amended Complaint lacks a non-frivolous claim, the Court cannot authorize Plaintiff to proceed without paying. Accordingly, I recommend that Plaintiff's Second Amended Complaint be dismissed.

### I.     Background

     On October 6, 2023, Plaintiff brought this action against his former employer, Qwick Freelancers, and its principal, Jamie Baxter. Doc. 1. In his original Complaint, Plaintiff checked a box indicating that the action was brought under Title VII of the Civil Rights Act of 1964 and checked boxes indicating that Defendants subjected him to unequal terms and conditions of

employment, and terminated him, based on his skin color; he also indicated that Defendants retaliated against him. *Id.* at 3–4. Plaintiff's factual allegations indicated that, on October 15, 2022, Defendants' manager approached Plaintiff, accused him of smelling like marijuana, and questioned whether he was under the influence of drugs. Doc. 1-1 at p. 6. Plaintiff complained to Defendant Freelancers that the questions violated the Health Insurance Portability and Accountability Act of 1996 (HIPAA). *Id.* Plaintiff also reported that a colleague acted unprofessionally by telling him be needs to hurry up with the dishes or get sent home, which created what he called a "hostile work environment." *Id.* Later, Defendant Freelancers conducted a background check on Plaintiff. *Id.* at 7. Thereafter, Plaintiff was terminated. *Id.*

The Court found the Complaint was insufficient because, as to a hostile work environment claim, Plaintiff failed to allege facts showing that he was a member of a protected class, that his treatment was based on his protected status, and that the harassment was "severe or pervasive." Doc. 14, Doc. 13 at p. 5. And, as to Plaintiff's retaliation claim, the Court found that Plaintiff failed to state facts showing that he engaged in protected activity. Doc. 14, Doc. 13 at p. 6. Moreover, the Court found that Plaintiff's Complaint failed to comport with Rules 8 and 10 of the Federal Rules of Civil Procedure, which require a plaintiff to allege facts showing he is entitled to relief, to state claims in

numbered paragraphs, and to separate each claim. Doc. 14, Doc. 13 at pp. 7–8. Plaintiff was given the opportunity to file an Amended Complaint that fixed these problems. Doc. 14.

On May 31, 2024, Plaintiff filed an Amended Complaint. Doc. 17. He first complained that, on October 15, 2022, he was humiliated when he was "ba[d]gered" about smelling like marijuana, and he complained about it. *Id.* at p. 2. Then, he alleged, on December 8, 2022, a co-worker disrespected Plaintiff when she made "bizarre comments about the production and pace" of his work washing dishes, and used profanity. *Id.* at p. 3. Plaintiff also complained about this to his supervisor. *Id.* Six days later, Plaintiff describes the co-worker as acting hostile and aggressive towards him when she approached him and "bad[g]ered" him about the complaint he had made against her. *Id.* So, Plaintiff filed a complaint with Defendants' manager, Mike M., for retaliation. *Id.* at p. 4. On January 11, 2024, Plaintiff alleges he was scolded for taking a lunch break, asked to leave, and then learned he was terminated, purportedly due to the results of a background check. *Id.* at 12.

The Court found that the Amended Complaint "contains the same . . . procedural errors as the initial complaint" because it failed to comply with the

pleading requirements in Federal Rule of Civil Procedure 10(b).[1] Doc. 23 at p. 1, 6; Doc. 26 at p. 2. The Court also found that the Amended Complaint did not properly allege a claim for hostile work environment "as the necessary severity and protected class membership has not been alleged" (Doc. 26 at pp. 1–2), and that it did not properly allege a claim for retaliation, because it "failed to show that [Plaintiff] engaged in a protected activity and that there was a causal link between the adverse action and the protected activity" (Doc. 23 at p. 6).

The Court gave Plaintiff "one last opportunity to file a second amended complaint on the claim of retaliation." Doc. 26 at p. 1. Specifically, the Court ordered Plaintiff to "file a second amended complaint only as to the retaliation claim and a motion to proceed in forma pauperis in accordance with the Report and Recommendations within thirty (30) days." *Id.* As to the retaliation claim, Plaintiff was instructed to "provide greater detail surrounding the protected activity" (Doc. 23 at p. 6) and "allege sufficient facts to show a causal connection between the adverse action and the protected activity" (Doc. 26 at pp. 1–2).

Plaintiff then filed a Second Amended Complaint (Doc. 28), but no new motion to proceed without pre-paying the filing fee. In the Second Amended

---

[1] This rule requires that "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense."

Complaint, Plaintiff alleged the following facts concerning his "protected activity:" (1) On December 8, 2022, Plaintiff reported "an irate employee's unprofessional conduct to management," and (2) on December 14, 2022, Plaintiff reported the same employee's confrontation with Plaintiff. Doc. 28 at p. 3. Plaintiff alleges Defendants retaliated against him by (1) conducting a background check in December 2022, and (2) terminating him in January 2023. *Id.* Plaintiff brings a claim for retaliation in violation of Title VII, as permitted by the Court (*see* Doc. 26), but also brings a claim for Violation of Florida Whistleblower Act. Doc. 28 at pp. 4–5.

As requested by the District Judge, I review the case to determine whether the Second Amended Complaint complies with the Court's prior recommendations and orders and whether a motion to proceed without paying the filing fee is necessary.

## II.    Standard of Review/Applicable Law

The federal statute that governs the right to bring a lawsuit without pre-paying a filing fee, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Accordingly, the statute permits a litigant to commence an action in federal court "by filing in good faith an affidavit stating . . . that he is unable to pay the costs of the lawsuit." *Id.* "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the

5

public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* To that end, section 1915 provides that a court shall dismiss a case if the court determines the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous when a complaint lacks an arguable basis either in law or in fact. *Neitzke*, 490 U.S. at 325.

Federal courts must hold pro se filings (meaning those papers filed by a party who represents himself) to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). More specifically, a court must "provide[] pro se parties wide latitude when construing their pleadings and papers" and to "use common sense to determine what relief the party desires." *S.E.C. v. Elliot*, 953 F.2d 1560, 1582 (11th Cir. 1992). Nonetheless, courts need not exempt pro se litigants from complying with the requirements imposed by the law and rules of procedure. *See Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

## III.    Analysis

### A.    Plaintiff's Second Amended Complaint Fails to State A Claim for Retaliation under Title VII

"To establish a prima facie case of retaliation under Title VII, the plaintiff must show (1) that [ ]he engaged in statutorily protected expression; (2) that [ ]he suffered an adverse employment action; and (3) that there is some causal relation [(i.e., link)] between the two events." *Meeks v. Computer Assocs. Int'l*, 15 F.3d 1013, 1021 (11th Cir. 1994) (citations omitted). "Under Title VII, an employee has engaged in protected activity if []he has . . . opposed an unlawful employment practice." *Smith v. City of Fort Pierce, Fla.*, 565 Fed. App'x 774, 777 (11th Cir. 2014) (quoting *EEOC v. Total Sys. Servs.*, Inc., 221 F.3d 1171, 1174 (11th Cir. 2000) (quoting 42 U.S.C. § 2000e–3(a))). "Unlawful employment practices" as set forth in Title VII are:

> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e–2(a).

"[A] plaintiff can establish a prima facie case of retaliation under the opposition clause of Title VII if he shows that he had a good faith, reasonable belief that the employer was engaged in unlawful employment practices." *Little v. United Techs., Carrier Transicold Div.*, 103 F.3d 956, 960 (11th Cir. 1997) (citing *Rollins v. State of Fla. Dept. of Law Enforcement*, 868 F.2d 397, 400 (11th Cir. 1989)). "A plaintiff must not only show that he *subjectively* (that is, in good faith) believed that his employer was engaged in unlawful employment practices, but also that his belief was *objectively* reasonable in light of the facts and record presented." *Little*, 103 F.3d at 960 (emphasis in original).

Construing Plaintiff's complaint liberally, he alleges that his protected activity was opposing the following practices (1) an employee being "irate" and acting "unprofessional[ly]" and (2) the "irate" employee's confronting Plaintiff for complaining about her "unprofessional" behavior. Doc. 28 at p. 3. I do not question that Plaintiff subjectively believed that this conduct was unlawful under Title VII. But Plaintiff's belief that Defendants violated Title VII through these two acts is not objectively reasonable. Title VII is part of the Civil Rights Act of 1964, and strives to protect employees from discrimination based on their race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e–2(a). Here, the employment practices that Plaintiff claims were unlawful and, therefore, form the basis for his retaliation claim, are entirely unrelated to Plaintiff's—or any other employee's—race, color, religion, sex, or

8

national origin. Accordingly, it was unreasonable for Plaintiff to believe that they violated Title VII.

Because Plaintiff cannot show he participated in protected activity, Plaintiff fails to state a claim for retaliation.

### B. Plaintiff's Second Amended Complaint Fails to Otherwise State a Claim

Contrary to the Court's prior Order, Plaintiff also includes in his Complaint a claim that Defendants violated the Florida Whistleblower Act ("FWA") by terminating him for making complaints about workplace misconduct and unprofessional behavior. Doc. 28 at p. 5.

To establish a prima facie case of retaliation under the FWA, Plaintiff must prove that (1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and (3) the adverse employment action was causally linked to the statutorily protected activity. *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 950 (11th Cir. 2000) (citing *Olmsted v. Taco Bell*, 141 F.3d 1457, 1460 (11th Cir. 1998)). Statutorily protected expression under the FWA includes an employee "[d]isclos[ing], or threaten[ing] to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation" and "[o]bject[ing] to, or refus[ing] to participate in,

any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation." Fla. Stat. § 448.102.

Here, there is no indication that Plaintiff disclosed or threatened to disclose any of Defendants' practices to a government agency, nor is there any indication that Plaintiff objected to any activity that he believed to be unlawful. Rather, Plaintiff alleges only that he objected to "unprofessional behavior" and "workplace misconduct."[2] Doc. 28 at p. 5.

Thus, should the Court consider Plaintiff's claim for retaliation under the FWA, I recommend that it find that claim frivolous.

C. Plaintiff's Second Amended Complaint Fails to Fully Comply with Prior Recommendations and Orders.

Plaintiff was instructed to "file a second amended complaint only as to the retaliation claim and a motion to proceed in forma pauperis in accordance with the Report and Recommendations within thirty (30) days." Doc. 26 at p. 2. As to the retaliation claim, Plaintiff was instructed to "provide greater detail

---

[2] I note there is a reference in the Second Amended Complaint to Defendants violating Section 381.986(15)(b) of the Florida Statutes, which Plaintiff claims makes it unlawful for Defendants to discuss potential medical marijuana use without consent. *But see* Fla. Stat. § 381.986(15)(b) (the law "does not require an employer to accommodate the medical use of marijuana in any workplace or any employee working while under the influence of marijuana"). But Plaintiff does not allege that he reported or threatened to report that conduct to a government agency.

surrounding the protected activity"[3] (Doc. 23 at p. 6) and "allege sufficient facts to show a causal connection between the adverse action and the protected activity" (Doc. 26 at pp. 1–2).

Plaintiff failed to file a motion to proceed without pre-paying the filing fee, timely or otherwise. Plaintiff's Second Amended Complaint failed to allege only a retaliation claim; it also brought a new state law claim. Doc. 28. And the Second Amended Complaint failed to "provide greater detail surrounding the protected activity" (i.e., Plaintiff's opposition to the unlawful activity), making only vague statements about his complaints: (1) On December 8, 2022, Plaintiff reported "an irate employee's unprofessional conduct to management," and (2) on December 14, 2022, Plaintiff reported the same employee's confrontation of Plaintiff "as retaliation." Doc. 28 at p. 3.

Plaintiff did, however, follow the Court's prior direction to "allege sufficient facts to show a causal connection between the adverse action and the protected activity." Plaintiff gave dates showing close temporal proximity between his December 8 and 14, 2022 complaints and the allegedly retaliatory actions in late 2022 and January 2023. Doc. 28 at p. 3. And, he followed the

---

[3] Again, "protected activity" means Plaintiff's opposition to an employment practice that is unlawful under Title VII. *Smith v. City of Fort Pierce, Fla.*, 565 Fed. App'x 774, 776–77 (11th Cir. 2014).

Court's directive to comply with Rule 10, as he stated his claims in succinct numbered paragraphs. *See* Doc. 28.

That said, the new allegations suggest that the adverse actions were caused by an activity that Plaintiff has not demonstrated is protected under Title VII. As explained above, this is insufficient to fix the complaint.

### D. No Motion to Proceed Without Pre-Paying the Filing Fee is Necessary

Because Plaintiff fails to state a claim, he cannot proceed without pre-paying the filing fee, regardless of whether he financially qualifies to do so. Accordingly, it would be futile for him to file a financial affidavit and motion to proceed without pre-paying the filing fee.

## IV. Conclusion

I find that Plaintiff failed to follow the Court's prior recommendations and orders and that his Second Amended Complaint fails to state a viable, non-frivolous claim. Because Plaintiff has already been given several chances to amend his complaint and has nonetheless failed to state a claim, I respectfully

**RECOMMEND** Plaintiff's Second Amended Complaint (Doc. 28) be DISMISSED with prejudice.

SUBMITTED on March 14, 2025.

NATALIE HIRT ADAMS
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.